LAWRENCE E. LARSON V. FRANCIS M. COX.

FILED MARCH 4, 1903. No. 12,684.

1. **Libel: SLANDER: TRUTH: COMPLETE DEFENSE PER SE.** Section 132, Code of Civil Procedure, in effect declares that in an action for a libel or slander the truth of the defamatory matter is *per se* a complete defense.

2. **Section Constitutional.** Said section, so far at least as it relates to spoken defamation, is in harmony with the constitution and is valid.

3. **Action for Slander: PLEA IN JUSTIFICATION.** In an action for slander, a plea of justification is good without alleging that the defamatory words were spoken with good motives or for justifiable ends.

4. **Evidence.** Evidence examined, and found sufficient to sustain the verdict.

5. **Loss of Written Instrument: SECONDARY EVIDENCE.** When the loss or destruction of a written instrument is shown, secondary evidence of its contents is admissible.

ERROR to the district court for Dawes county: WILLIAM H. WESTOVER, DISTRICT JUDGE. *Affirmed.*

*Albert W. Crites,* for plaintiff in error.

*Ernest M. Slattery* and *C. Dana Sayrs, contra.*

SULLIVAN, C. J.

This was an action by Larson against Cox to recover damages for slander. The defamatory words set out in the

petition amount to a charge of larceny.  The defendant in his answer alleged that the charge was true, and that it was made with good motives and for justifiable ends.  The jury found against the plaintiff and judgment followed the verdict.

The assignments of error discussed by counsel relate for the most part to the plea of justification, and raise the question whether the truth of slanderous matter is *per se* a complete defense.  The contention of counsel for plaintiff is that the truth is unavailing unless it was uttered with a good motive and for a proper purpose.  His argument is grounded altogether upon the provision of the constitution which declares that "in all trials for libel, both civil and criminal, the truth when published with good motives, and for justifiable ends, shall be a sufficient defense."  Constitution, art. 1, sec. 5.  The provision here quoted is a substitute for section 3, article 1, of the constitution of 1866, which was an almost literal copy of a New York statute adopted soon after the trial of the celebrated case in which Croswell was convicted of publishing a libel on Thomas Jefferson.  *People v. Croswell,* 3 Johns. Cas. (N. Y.) 337.  This statute was intended to secure and safeguard the freedom of the press, and is now fundamental law in many of the states.  It was a modification of the doctrine of the common law that, in public prosecutions for libel, the truth of the libel is no excuse for its publication.  When considered in the light of history, there is much reason to suppose that the constitutional provision upon which plaintiff relies was designed as a sure and permanent protection, both in civil and criminal actions, to persons who have occasion, in the discharge of some legal, social or moral duty, to write and publish criticisms on the character and conduct of others, and that it was not any part of its purpose to take away from the defendant in a libel case any right given him either by the statutory law or the common law.  The truth of a defamatory publication is still a complete and perfect defense in a criminal case, irrespective of the mo-

tive or object of the publisher. The legislature has made it so by definition of the crime. Section 132 of the Code of Civil Procedure in effect declares that in an action for a libel or slander the truth of the defamatory matter may be pleaded and proved as a defense. *Castle v. Houston,* 19 Kan. 417, 27 Am. Rep. 127. The validity of this section was of course necessarily involved in *Pokrok Zapadu Publishing Co. v. Zizkovsky,* 42 Neb. 64, and *Neilson v. Jensen,* 56 Neb. 430, which seem to have been decided on the assumption that the constitutional provision above quoted, so far as it relates to libels which are the subjects of civil action, was intended as a restraint upon the freedom of the press, and that it operated as a partial repeal of the statute. It is not necessary at this time to either affirm or deny the doctrine of these cases, as the constitutional provision with which they deal has no reference to actions for slander. Section 132, so far at least as it relates to spoken defamation, is in harmony with the constitution and is, therefore, valid.

Under the instructions given by the court at plaintiff's request the jury must have found that the plea of justification was sustained by the proof. In our opinion, the evidence was sufficient to warrant the conclusion that Larson had committed the crime imputed to him. This being so, the verdict and judgment are right even though defendant did not make the accusation with good motives and for justifiable ends. It is insisted that the court erred in receiving secondary evidence of the contents of a letter claimed to have been written by plaintiff to defendant. There was, we think, sufficient excuse shown for the non-production of the primary evidence to justify the court in permitting the defendant's testimony as to the contents of the letter to go the jury.

There is no material error in the record, and the judgment is therefore

AFFIRMED.