CARY F. FORDYCE, APPELLANT, v. GALEN J. RICHMOND ET AL., APPELLEES.

FILED APRIL 18, 1907. No. 14,788.

1. **Libel**: INSTRUCTIONS: HARMLESS ERROR. The soundness of the doctrine that in actions to recover damages for libel the truth alone is not a sufficient defense, but it must appear that the publication was made with good motives and for justifiable ends, is not determined; but an instruction submitting that question to the jury is without prejudice to the plaintiff when supported by the evidence.

2. ———: ———: DAMAGES. In an action to recover damages for an alleged libel, it is not error for the trial court to instruct the jury that under the law of this state punitive damages cannot be recovered, when the instruction sufficiently defines the meaning of such term, and the jury are further instructed as to the true measure of damages.

3. **Rulings** of the trial court upon the rejection of evidence examined, and *held* without error.

APPEAL from the district court for Kearney county: ED L. ADAMS, JUDGE. *Affirmed.*

*L. W. Hague* and *J. L. McPheely*, for appellant.

*M. D. King* and *C. P. Anderbery*, contra.

Epperson, C.

Plaintiff from 1903 to 1905 was the secretary of a local lodge at Minden, Nebraska. Henry R. Piper and wife were members of the order, and were required to pay certain assessments to the plaintff as the agent of the association. Defendants are the owners and publishers of a newspaper published in Minden, Nebraska, and in the issue of their paper of January 26, 1905, published a statement charging plaintiff with the embezzlement of money sent by the Pipers for the payment of their assessments. The charge was repeated in several subsequent issues of defendants' paper. Plaintiff sets forth the publications in full, alleges that the same were libelous, and seeks to recover damages therefor. Defendants admit the publications, allege that the same were true and published with good and proper motives. A verdict was returned for lefendants, and plaintiff appeals.

It is unnecessary to review the evidence at length. Suffice it to say that the evidence fully supports the truthfulness of the publications. Plaintiff contends, however, that the evidence does not support the verdict, because it was not shown that the publication was made with good motives and for justifiable ends. By section 5, art. I of our constitution, it is provided: "The truth, when published with good motives, and for justifiable ends, shall be a sufficient defense." This court has held that the truth alone is not a sufficient defense, but the publication, though true, must have been made with good motives and for justifiable ends. *Pokrok Zapadu Publishing Co. v. Zizkovsky*, 42 Neb. 64; *Neilson v. Jensen*, 56 Neb. 430. A doubt was cast upon the soundness of these decisions in *Larson v. Cox*, 68 Neb. 44, where it is said that they "seem to have been decided on the assumption that the constitutional provision above quoted, so far as it relates to libels which are the subjects of civil actions, was intended as a restraint upon the freedom of the press, and

that it operated as a partial repeal of the statute. (Code, sec. 132.) It is not necessary at this time to either affirm or deny the doctrine of these cases, as the constitutional provision with which they deal has no reference to actions for slander." It is said in the first paragraph of the syllabus of *Larson v. Cox, supra:* "Section 132, code of civil procedure, in effect declares that in an action for a libel or slander the truth of the defamatory matter is *per se* a complete defense." It is unnecessary here either to reaffirm or disapprove the doctrine announced in *Pokrok Zapadu Publishing Co. v. Zizkovsky, supra,* and *Neilson v. Jensen, supra,* because in the case at bar the jury were instructed, in effect, that their verdict should be for the plaintiff, unless they found that the publication was made with good motives and for justifiable ends. Plaintiff does not and cannot complain of this instruction. It was not prejudicial to plaintiff. The evidence, we consider, justified the finding that the publication was made with good motives and for justifiable ends. It appears from the record that the Pipers resided at Pullman, Washington, and for the purpose of paying assessments remitted through the mail to plaintiff checks payable to him and drawn on a bank at Minden. There were four checks in controversy, aggregating $37, sufficient in amount to have paid the assessments of the Pipers when due. The checks were made payable to plaintiff, and the indorsement of his name appears upon the back of each. Each check was paid by the bank upon which it was drawn soon after its date. The evidence further disclosed that defendants made investigation of the facts before the first publication. In a conversation with one of the defendants plaintiff stated that the indorsements upon the back of the checks were forgeries, and that he did not receive the proceeds therefrom. There is evidence that the plaintiff did receive the money represented by the checks. The original checks were introduced in evidence, and plaintiff's indorsement thereon was proved by witnesses acquainted with his signature and by comparison with writings acknowledged

to be genuine. The jury resolved this issue of fact in defendants' favor, and the evidence is sufficient to support the jury's finding that the publications were true, and made with good motives and for justifiable ends.

Exception was taken to an instruction of the court that under the law punitive damages cannot be recovered. In the same paragraph the court defined the meaning of punitive damages. This was not error. Taken with other instructions and parts of the same instruction, the portion objected to was necessary to a clear statement of the measure of the damages plaintiff would be entitled to recover if the jury found in his favor.

Plaintiff attempted to prove that defendants at one time prior to the first publication disagreed between themselves as to the closing lines of that publication. Under the defense pleaded, it was not error to reject the offered testimony.

We find no error in the record, and recommend that the judgment of the district court be affirmed.

Ames and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.