GEORGE W. WERTZ, APPELLANT, V. JOHN C. SPRECHER, APPELLEE.

FILED DECEMBER 5, 1908. No. 15,372.

Libel: DEFENSES. The truth alone is not a complete defense in a civil action for libel, but, if the defendant justifies, he must further allege and prove that he published the alleged defamatory matter with good motives and for justifiable ends. Bill of Rights, sec. 5; *Pokrok Zapadu Publishing Co. v. Zizkovsky*, 42 Neb. 64; *Neilson v. Jensen*, 56 Neb. 430.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*George W. Wertz, pro se.*

*John J. Sullivan, contra.*

ROOT, C.

Plaintiff is a duly licensed attorney at law residing in Colfax county, and has been engaged in the active practice of his profession for some years past. In 1903 he was elected county attorney for said county. Thereafter defendant published in his newspaper the following article of and concerning plaintiff: "County Attorney Wertz for the prosecution and George W. Wertz for the defense get together and agree upon a compromise, and the wise county board, upon motion duly made, seconded and carried, indorse it. Oh, this official service in Colfax county is great." Plaintiff brought this action, alleging that said statement was false and maliciously made; that thereby

defendant charged him with improperly and corruptly acting in the interests of an individual client against Colfax county, and that he was guilty of unprofessional conduct and malfeasance in office. Defendant admitted that plaintiff was a duly licensed attorney at law in Nebraska and county attorney of Colfax county, and that defendant published said article, but alleged that the same was true, and denied all other statements in the petition. Upon motion, defendant answered with particularity that preceding plaintiff's election he had represented one Dunkle in resisting a claim of Colfax county; that after plaintiff's election he represented both Dunkle and said county in compromising said demand, and represented Dunkle in filing a confession of judgment in favor of the county for the amount of that compromise. Plaintiff replied, denying all allegations in the answer. The court charged the jury that the publication was libelous *per se,* to which defendant did not except, nor complain in this court, so that we will accept the interpretation of the learned trial judge. Plaintiff, in a motion for judgment on the pleadings, by objections to the introduction of defendant's evidence, by moving for a verdict, and by excepting to the instructions, challenged the sufficiency of said answer. The court denied all of said motions, and instructed the jurors that, if they found from the evidence that the statements in the publication were true, they should find for the defendant. Defendant prevailed, and plaintiff appeals.

Defendant has not appeared in this court, and we are somewhat embarrassed by the lack of argument or brief to support his theory of the case. However, this record squarely presents for our consideration the value of the truth of an article as a defense in a civil action for libel, or whether, in addition thereto, a defendant must plead and prove good motives and justifiable ends to complete his defense. In *Pokrok Zapadu Publishing Co. v. Zizkovsky,* 42 Neb. 64, we held that the verity of the publication alone was not a sufficient defense in a civil suit for libel, but that the further elements of good motives

and justifiable ends must be made to appear to exonerate defendant. We confirmed that decision in *Neilson v. Jensen*, 56 Neb. 430. In the opinion of Mr. Justice SULLIVAN in *Larson v. Cox*, 68 Neb. 44, there is an intimation that the rule is not correctly stated in *Pokrok Zapadu Publishing Co. v. Zizkovsky* and *Neilson v. Jensen, supra,* and much dependence is placed upon the opinion of Mr. Chief Justice Horton in *Castle v. Houston,* 19 Kan. 417, to justify the criticism made upon our former holdings. *Larson v. Cox, supra,* was a slander suit, and all of the suggestions therein concerning a defense in libel cases is dictum merely. The learning of the author of that opinion is such that his statements have caused practitioners to doubt somewhat the former decisions of this court, and possibly said opinion had a potent influence in inducing the learned counsel for the defense in the instant case to omit from his answer the allegations of good motives and justifiable ends, and not to mention in his evidence proof of those elements of a defense. Mr. Chief Justice Horton in *Castle v. Houston,* supra, was correct in stating that the decision of the New York supreme court in *People v. Croswell,* 3 Johns. Cas. (N. Y.) *336, that the truth of a libel would not be received as any part of a justification in criminal prosecutions for libel, caused state legislatures and constitutional conventions thereafter to provide by statutory or fundamental law that the old harsh maxim of the common law in such cases should give way to a more merciful, just and rational rule.

The third subdivision of the bill of rights in the constitution of 1866 provided: "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right, and no laws shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions or indictments for libel the truth may be given in evidence; and if it shall appear to the jury that the matter charged as libelous be true, and was published with good motives and for justifiable ends, the **party** shall be acquitted; and

the jury shall have the right to determine the law and the fact." It will be noticed that reference is not made therein to the truth of a publication as a defense in civil actions, and it is likely that the framers of said article understood and believed, as they properly might, that action on their part was not necessary to make the truth alone a defense in civil suits for libel. The fifth section of our present bill of rights reads: "Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth when published with good motives, and for justifiable ends, shall be a sufficient defense." Now, if it was not the intention of the men who formed the constitutional convention in 1875 to compel the defendant in civil as well as criminal cases, if he attempted to justify, to prove good motives and justifiable ends, as well as the truth of his charges in publishing a libel, the inclusion of the words "both civil" in the later constitution was and is senseless and surplusage. The same amendment was proposed in the constitution prepared in 1871, but not ratified by the people. It was adopted by the convention without debate, and with the sole amendment of the word "for" next preceding the word "justifiable." 1 Nebraska Constitutional Conventions, pp. 205, 219, 220, 506. The individuals who formed the body of those conventions were men of prominence, education and ability. Many of them were then, and have continued to be, leaders at the bar of this state, and some of them later became members of this court and of the various district courts of the commonwealth. The fact that the change was adopted without debate demonstrates that the words employed in the amendment were well known as applied to constitutional law, and had a general and well-understood meaning, which it was intended that they should continue to have. *Williamson v. United States,* 207 U. S. 425.

Mr. Justice Horton in *Castle v. Houston, supra,* reasons that in a civil action the plaintiff by his own misconduct,

if guilty of the offense imputed, has excluded himself from his action at law; that his original misbehavior taints the entire transaction with which it is connected, and precludes him from recovering that compensation to which all innocent persons would be entitled; that if the publication is malicious, although truthful, the criminal law will afford sufficient punishment for the guilty and example to the community. It is also true that convictions for criminal libel are rare, and that the individual does not control the machinery of the criminal courts. It is a further fact that individuals guilty of improprieties, indiscretions, or crimes, it may be, can, by subsequent observance of the laws of man and of God, win for themselves the respect and confidence of their associates and of the community. It is repugnant to the crudest ideas of justice to say that, under such circumstances, the truth of a recital of past history ought to entitle a defendant to a verdict in a civil action. If the truth of the article is alleged, it should be received in mitigation of damages without regard to the motives of defendant or the end sought by the publication, but the truth alone ought not to be an absolute bar to recovery.

It may be well to notice that the constitution of Kansas differs from ours upon the subject now before us. Section 11 of the Kansas bill of rights is as follows: "The liberty of the press shall be inviolate; and all persons may freely speak, write or publish their sentiments on all subjects, being responsible for the abuse of such right; and in all civil or criminal actions for libel the truth may be given in evidence to the jury and, if it shall appear that the alleged libelous matter was published for justifiable ends, the accused party shall be acquitted." The language thus employed may be construed according to the reasoning of Mr. Justice Horton, so that the words "the truth may be given in evidence to the jury" will apply to the words "civil or criminal," but that the words "and if it shall appear that the alleged libelous matter was published for justifiable ends, the accused party shall

be acquitted," will refer solely to the word "criminal." The words "accused party shall be acquitted" are more appropriate with reference to a criminal prosecution than to a civil suit, and are strongly relied on to justify the construction of Mr. Justice Horton. But the framers of our bill of rights have left nothing for construction or interpretation. The language is lucid and unmistakable, and evidences the intention of the members of that convention to place the defendant in civil and criminal cases for libel on an exact equality so far as the elements of a defense are concerned. We cannot justify ignoring a plain and unambiguous clause in the constitution of our state. The constitutional conventions were not pioneers in this field. In Massachusetts, prior to 1827, the defendant in a criminal prosecution for libel could not prove the truth of the publication as a justification, and in that year the legislature provided by statute that in all such prosecutions the defendant might give in evidence the truth of the libel, but that such fact would not be a justification unless it was made to appear that the publication was with good motives and for justifiable ends. In 1855 the legislature of that state further provided: "In every prosecution, and in every civil action for writing or publishing a libel, the defendant may give in evidence, in his defense upon the trial, the truth of the matter contained in the publication as libelous; and such evidence shall be a sufficient justification, unless malicious intention shall be proved." Held to apply to civil and criminal cases alike. *Perry v. Porter*, 124 Mass. 338.

In the Florida bill of rights it is provided: "In all criminal prosecutions or civil actions for libel the truth may be given in evidence to the jury, and if it should appear that the matter charged as libelous is true, but was published for good motives, the party shall be acquitted or exonerated."* Mr. Justice Raney in *Jones, Varnum & Co. v. Townsend's Adm'x*, 21 Fla. 431, 58 Am. Rep. 677, in commenting on the opinion of Mr. Chief Justice Savage in *Root v. King*, 7 Cow. (N. Y.) *613, *628, says: " "The

liberty of the press will not be invaded by requiring the conductors of our presses to stand responsible for the truth of what they publish.' Nor, we will add, by requiring them to show the same 'good motives' which the bill of rights requires of all." In Maine the statute provides: "In a suit for writing and publishing a libel, evidence shall be received to establish the truth of the matter charged as libelous. If its truth is established, it is a justification, unless the publication is found to have originated in corrupt or malicious motives." In *Pierce v. Rodliff*, 95 Me. 346, it was held that the statute had changed the common law in civil actions for libel, and that the truth of a publication was not in itself a defense therein. Sufficient has been said to demonstrate that the opinions filed in *Pokrok Zapadu Publishing Co. v. Zizkovsky* and *Neilson v. Jensen, supra*, were sound and in accord with the constitution of this state. In so far as the dictum in *Larson v. Cox, supra*, is opposed to the earlier cases, it is not adopted, but disapproved, nor was it ever law in this state. It follows that the learned district judge erred in holding that the answer of defendant was sufficient, and in instructing the jury to find for defendant if it found that the allegations in defendant's answer were true.

Other errors are assigned, but they will not be examined, as the foregoing is sufficient for the disposition of this case.

It therefore is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.