## Edna Tilton, Appellant, v. Burney E. Maley, Appellee.

### Gen. No. 5,897.

1. LIBEL AND SLANDER, § 64*—*truth alone as a defense under constitutional and statutory provisions.* Under our Constitution and statutes in a civil action for libel, the truth is a sufficient defense

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

without it further appearing that the publication was made with good motives and for justifiable ends.

2. LIBEL AND SLANDER, § 64*—*truth as a defense at common law.* At common law the truth was a sufficient defense to a civil action for libel, but truth as a defense could not be shown in a criminal prosecution for libel.

Appeal from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

RALPH E. EATON and JOHN D. TURNBAUGH, for appellant.

F. J. STRANSKY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

This is a civil action of libel brought by appellant, Edna Tilton, against appellee, Burney E. Maley. The declaration charged the malicious publication of a *false,* scandalous, malicious and defamatory libel. Appellee pleaded the truth of the matter alleged to be libelous, the plea was held good on demurrer and judgment against the plaintiff followed, from which she appeals. The sole question is whether in a civil action for libel the truth is a sufficient defense or whether it must further appear that the publication was made with good motives and for justifiable ends.

We are referred to no case in this State, and know of none, directly answering this question. We assume the law must be fixed and uniform, that it cannot be necessary to plead good motives in a hard case and not necessary in other cases, therefore we omit a statement of the facts in this case.

At common law the truth was a sufficient defense to a civil action for libel. Cooley's Blackstone (4th Ed.) vol. 2, book 3, star page 125; Cooley on Torts (2nd Ed.) p. 243; 25 Cyc. 413, and cases cited in the notes.

At common law the truth of a defamatory statement

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

cannot be shown as a defense in a criminal prosecution for libel. *People v. Fuller*, 238 Ill. 116; *People v. Strauch*, 247 Ill. 220; 25 Cyc. 573.

The case of *People v. Croswell*, 3 Johns. Cas. (N. Y.) 336, in which it was held that the truth of the defamatory matter charged was not a defense to an indictment for libel, attracted so much attention because of the prominence of the parties involved, that it was followed in New York and in most other States of the Union by constitutional and statutory provisions admitting the truth as a defense in an action for criminal libel in certain classes of cases and conditions, varying in the different jurisdictions. The State constitutional and statutory provisions in that regard are collected and shown as they existed at the time in a note in 21 L. R. A. 512, which note is supplemented by one in 31 L. R. A. (N. S.) 135.

Our Constitution of 1848 in the "Bill of Rights" recited: "The free communication of thoughts and opinions is one of the invaluable rights of man; and every citizen may freely speak, write, and print, on any subject, being responsible for the abuse of that liberty," and provided (section 24): "In prosecutions for the publication of papers investigating the official conduct of officers, or of men acting in a public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence, and in all indictments for libel, the jury shall have the right of determining both the law and the fact, under the direction of the Court as in other cases."

The Constitution of 1870, in the "Bill of Rights" (article 2, sec. 4, J. & A. p. 132.) provided: "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth, when published with good motives and for justifiable ends, shall be a sufficient defense."

The Constitution does not provide penalties for the crime of libel, or redress for civil injuries resulting

from publishing defamatory matter. In the absence of common or statutory law there could be no prosecution either civil or criminal grounded on this constitutional provision. The framers of the Constitution of 1848, because the common law did not permit the defense of truth in a criminal prosecution for libel, provided that under certain circumstances and conditions the truth should be a complete defense to an indictment; and the framers of the Constitution of 1870 provided that the truth should be a sufficient defense in either criminal or civil proceedings if published with good motives and justifiable ends. Neither of these constitutional provisions required the legislature to enact any law punishing a libel, or prevented the legislature from abolishing or changing any existing law affecting remedies for libel, provided only the legislature must not enact any law under which publishing the truth with good motives and for justifiable ends would subject one to civil or criminal prosecution. It would of course be absurd to say because of that constitutional provision there could be no defense to the publication of defamatory matter except that it was true and published in good faith and for justifiable ends. Under the Constitution that defense must be recognized, and other and different defenses are left to depend on the common law and such statutes as may be enacted.

Our Criminal Code (section 177, J. & A. ¶ 3808) reads: "A libel is a malicious defamation, expressed either by printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation or publish the natural defects of one who is alive, and thereby expose him to public hatred, contempt, ridicule or financial injury." And section 179, J. & A. ¶ 3810: "In all prosecutions for libel, the truth, when published with good motives, and for justifiable ends, shall be a sufficient defense." It is to be observed that the legislature defined criminal libel as a "Ma-

licious defamation'' and not a *"false* and malicious defamation.''

In our act on "Slander and Libel" (R. S. ch. 126, sec. 3, J & A. ¶ 10577) it is provided: "In actions for slander or libel, an unproved allegation of the truth of the matter charged shall not be deemed proof of malice, unless the jury, on the whole case, find that such defense was made with malicious intent. And it shall be competent for the defendant to establish the truth of the matter charged, by preponderance of testimony.''

While this act of the legislature may not be of much weight as an indication that it was intended the truth alone should be a sufficient defense in civil actions, it has generally been assumed by pleaders in civil actions that it is necessary to aver that the publication is false, and it is so averred in the declaration in this case. The plea traverses that averment, and to hold it bad would be in effect holding the averment surplusage.

It is settled in this State that the truth is not a sufficient defense to an indictment for libel, and the present constitutional and statutory provisions are held to require the further showing that the publication was made with good motives. *People v. Fuller,* 141 Ill. App. 374, affirmed by the Supreme Court in 238 Ill. 116. Our courts recognizing that at common law the truth of the publication was no defense to an indictment for libel hold that the present constitutional and statutory provisions permit that defense if the truth is published with good motives and for justifiable ends and not otherwise; thus enlarging the liberty of the press in accordance with the apparent purpose of this section of the "Bill of Rights" which is entitled "Freedom of speech and publication.''

We think a fair construction of the decisions of our courts above cited is that our constitutional provision of 1870 leaves the common law as it found it, except that the defense of truth with good motives must be

given effect, not precluding other defenses then permitted by the common law or that might thereafter be provided by statute. We do not see that a statute making the truth alone a sufficient defense, thereby further enlarging ''Freedom of speech and publication,'' would be in violation of that constitutional provision. The legislature, in defining "criminal libel" and providing for a defense, saw fit to enact the exact terms of the Constitution, therefore the truth alone is not now a defense to an indictment because it was not a defense at common law, and the legislature has not seen fit to make it a defense by statute. The Supreme Court of Nebraska in construing a constitutional provision identical with ours, in *Razeè v. State,* 73 Neb. 732, held the truth a complete defense in a criminal prosecution for libel, and held an instruction that the truth was not a defense if it appeared from the evidence that the defendant acted without good motives and without justifiable ends, error, and based that holding on the act of their legislature defining criminal libel requiring it to be both *false* and malicious. (Which we have seen our legislature did not.) We will later refer to Nebraska decisions that are not in accord in civil cases with the conclusions we have reached; but the reasoning of that court in the case above cited is in accordance with our construction that the legislature is left free to provide such defenses as it sees fit providing it does not deny the defense provided in the Constitution; and the fact that the Nebraska legislature included the element of *false* statement in its definition of criminal libel and our legislature did not, makes the decision of our courts, that the truth alone is not a sufficient defense and the decision of the Nebraska courts that it is a sufficient defense, entirely consistent.

A reference to the cases cited in the two notes to L. R. A. above referred to, will show much apparent conflict in construction of similar provisions of constitutions and statutes in different jurisdictions, explained in part by different wording of the acts, and

in part by different views of the courts. The case of *Castle v. Houston,* 19 Kan. 417, sustains our construction and is much quoted in later cases. The State of Nebraska as we have seen, has a constitutional provision identical with ours of 1870. Their Constitution was adopted in 1875, and they had in their Constitution of 1866 a provision similar to ours before quoted in the Constitution of 1848. Their courts recognize the common law as to defenses in civil and criminal actions for libel as we have stated it, but in *Pokrok Zapadu Pub. Co. v. Zizkovsky,* 42 Neb. 68, and in *Neilson v. Jensen,* 56 Neb. 430, without much discussion it was held that the truth alone was not a sufficient defense in a civil action for libel. In *Larson v. Cox,* 68 Neb. 44, the correctness of this holding was doubted; but in *Wertz v. Sprecher,* 82 Neb. 834, the law was reviewed and the conclusion reached that the intention of the framers of their Constitution was that the truth alone should not be a sufficient defense in a civil action. The court discusses the case of *Castle v. Houston, supra,* and denies its application and authority. It makes no reference to its decision in *Razee v. State, supra,* and does not rely on any statutory provision, but apparently bases its holding alone on the provision of the Constitution construing it to be a repeal of so much of the common law as made the truth alone a sufficient defense in a civil action.

Counsel for appellant urge that reputation is quite as important and worthy of legal protection as is the liberty of the press, and urge the facts in this case as an example of outrage in publishing vices of youth long abandoned and forgotten. There is some ground for this argument in expressions of court holding appellant's theory of the law. But when we remember that this line of constitutional law began in an attempt to give greater liberty of speech, and its whole history down to the present time is to guarantie, as expressed in the title to our provision, "Freedom of speech and publication," it seems to us judicial legislation to give

effect to the provision as abridging freedom of publication by repealing the existing common law, under which truth alone was a sufficient defense. The framers of our Constitution intended that no one should ever become liable under any existing law or any future law, in either a civil or criminal action for publishing the truth with good motives and for justifiable ends; they used the words "or civil" giving the provision an effect beyond that of the Constitution of 1848. But it does not follow that they were aiming at the protection of reputation.

If the provision had been so intended it would have been differently worded and entitled. There is nothing in this provision to prevent the legislature from enacting a law under which the truth alone will not be a defense in civil action, as it has in effect provided in criminal actions; and nothing so far as we can see to prevent it from entirely abolishing all laws against libel. In short it is left, as far as this provision goes, to the legislature to act as it sees fit, provided only it must not interfere with publishing the truth with good motives and for justifiable ends. Therefore the argument of necessity for more stringent laws to protect private reputation should be addressed to the legislature and not to the courts.

It follows that in our opinion the trial court did not err in overruling the demurrer to the plea, therefore the judgment is affirmed.

*Affirmed.*